GEORGE CONRAD, Plaintiff

v.

GOVERNMENT OF THE VIRGIN ISLANDS, Defendant

Civil No. 602/1980

Territorial Court of the Virgin Islands
Div. of St. Thomas and St. John

August 17, 1981

WILLIAM A. PALLME, ESQ., St. Thomas, V.I., *for plaintiff*

ARTHUR W. FINCH, ESQ., ASSISTANT ATTORNEY GENERAL (DEPARTMENT OF LAW—CIVIL DIVISION), St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

George Conrad, plaintiff, has sued the Government of the Virgin Islands for failure of the Government to pay for a building it leased, which was substantially damaged by fire. Both parties have filed cross motions for summary judgment pursuant to Fed. R. Civ. P. 56.

The facts are undisputed. Pursuant to a commercial lease agreement, the Government leased a building from Conrad to house the Department of Education. The original lease was from November 15, 1975 to June 30, 1976, but it was renewed several times with the latest renewal setting a September 30, 1979 termination date. Before termination, however, on July 16, 1979, a fire of unknown origin substantially damaged the building. Because of the extent of damage, the Government was unable to resume occupancy and did not pay rent for the two remaining months on the lease. Conrad made repairs but they were not completed until sometime after September 30. The Government by letter dated October 17, 1979 notified Conrad of its intention to terminate the lease effective July 16, 1979.

A sudden change in the leased premises caused by a non-manmade force gives the tenant the right to terminate the lease. Restatement (Second) of Property § 5.4 comment f (1977), 1 V.I.C. § 4 (1967). The Restatement makes no distinction between residential and commercial leases.[1] Thus, the Government, like any other tenant, had the right to terminate the lease upon destruction of the

---

[1] Nowhere in § 5.4 does it state that the section applies only to residential leases. Indeed, the illustrations refer to both residential and commercial leases, i.e., illustration 5 refers to a lease for a house while illustration 6 refers to a lease for a restaurant.

leased building and it exercised that right by its refusal to pay rent after the building was destroyed.

■■ A tenant must bear the loss of a sudden change only if the lease is primarily for the land, or if the lease expressly provides that the tenant should bear the loss. Restatement (Second) Property, Reporter's Note to § 5.4 at 203. It is apparent from reading the lease that the lease was for the building; no interest in the land itself was intended to be conveyed. Furthermore, the lease is silent as to who should bear the loss of a sudden change. Under such circumstances, the Government should not be required to bear the loss.

■■ Finally, a tenant is required to give notice to the landlord of the change in condition of the leased premises and allow reasonable time for the landlord to restore the premises. Id. § 5.4, comment g. In the present case, however, notice to the landlord by the tenant was unnecessary. According to the pleadings, Conrad had personal knowledge that the building was severely damaged by fire and that the Government would be unable to continue occupation. Conrad's personal knowledge of the change effectively eliminated the requirement of notice in this case. This is because, despite Conrad's attempts to restore the premises, the restoration was not completed until sometime after the September 30, 1979 termination date. Accordingly, it is

ORDERED, ADJUDGED and DECREED that summary judgment is granted to the defendant Government of the Virgin Islands dismissing the complaint of the plaintiff George Conrad, and it is further

ORDERED, ADJUDGED and DECREED that each party shall bear its own expenses for the litigation of this suit.